Langford v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-223-CR

     DELINGO LANGFORD,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 12th District Court
Leon County, Texas
Trial Court # 7418-A
                                                                                                    

O P I N I O N
                                                                                                    

      Delingo Langford appeals his conviction for involuntary manslaughter. Langford was indicted
for the murder of Roy Smith by stabbing him with a knife on April 10, 1991. He was found guilty
by a jury of the lesser-included offense of involuntary manslaughter, and the jury assessed
punishment at five years in prison and a $5,000 fine.
      In point one Langford contends that the court erred in denying his motion for directed verdict
because the evidence was insufficient to sustain the verdict. The record reflects that Langford
moved for a directed verdict at the close of the State's case, and then proceeded to put on his
defense, not renewing the motion for directed verdict at the close of the evidence. As a result, we
are not required to pass upon his contention that the evidence was insufficient at the time the State
rested its case.


 Accordingly, we overrule point of error one.
      In point two Langford contends that the court erred in admitting evidence of the relationships
between him, the victim, and Meredith Stocks. The State introduced a photograph of Stocks found
in the victim's wallet. Langford objected "on the grounds of relevancy and the prejudicial value
outweighs whatever probative value it has." The court overruled Langford's objection and
admitted the photograph. Tom Hall, a deputy with the Leon County Sheriff's department, testified
that the woman depicted in the photograph was Roy Smith's parole officer.
      Meredith Stocks testified that she was a parole officer in Leon County in April 1991. 
According to Stocks, Smith came under her supervision shortly after his release from prison in
November 1990. Stocks testified, over Langford's objection, that a sexual relationship with Smith
began in the middle of February 1991 and ended at the end of February. She also testified, again
over Langford's objection, that, at the end of February or the beginning of March, she established
a personal relationship with Langford. Stocks was with Langford when he encountered Smith on
April 10.
      Langford argues on appeal that the evidence of Stock's relationships with both Smith and
Langford was not relevant and that its probative value was substantially outweighed by the danger
of unfair prejudice resulting from the interracial relationship between Stocks and Langford. The
State offered the evidence of Stock's relationships with both men to show Langford's motive in
stabbing Smith. The prosecution may always offer evidence to show motive for the commission
of an offense because it is relevant as a circumstance to prove the commission of the offense.


 Of
course, the testimony must fairly tend to raise an inference in favor of the existence of a motive
on the part of the accused to commit the alleged offense.


 Dorothy Culton, an eyewitness to the
stabbing, testified that while Smith and Langford were arguing, just before the stabbing, she heard
Smith say, "That's our bitch. We're both fucking her." Because Culton's testimony supplies the
necessary inference, evidence of Stock's relationships with both the deceased and the accused was
relevant to prove Langford's motive in stabbing Smith. Although the interracial nature of
Langford's relationship with Stock was obvious to the jury, no witness ever made any reference
to either person's race and the prosecutor never made any such prejudicial statements or arguments
in the presence of the jury. As a result, we cannot say that the trial court abused its discretion in
admitting evidence of Stock's relationships with Smith and Langford.


 Accordingly, we overrule
point of error two.
      In point three Langford argues that the court erred in denying his motion for mistrial at the
punishment phase of the trial. The State introduced four exhibits at the punishment phase of the
trial as evidence of Langford's "prior criminal record."


 Exhibit 8 contained certified copies of
a complaint and information charging Langford with possession of marihuana, an unsigned
probation order, and a criminal docket notation by the county judge indicating that Langford
pleaded guilty to the offense and was assessed punishment at six months in prison, probated for
one year, and a $500 fine. Exhibit 9 represented a judgment in the same cause number reciting
that Langford had been adjudged "guilty as charged in the information of POM." (Emphasis
added). Exhibit 9, however was not self-authenticated by the County Clerk of Navarro County
as were the documents in Exhibit 8. Exhibit 10 contained certified copies of a complaint and
information charging Langford with unlawfully carrying a weapon, an unsigned probation order,
and a criminal docket notation by the county judge indicating that Langford pleaded guilty to the
offense and was assessed punishment at six months in prison, probated for one year, and a $300
fine. Exhibit 11 represented a judgment in the same cause number reciting that Langford had been
adjudged "guilty as charged in the information of UCW." (Emphasis added). As was the case
with Exhibit 9, Exhibit 11 was not self-authenticated.
      Langford objected to the admission of exhibits 9 and 11 because "POM" and "UCW" did not
constitute offenses


 and because they were not authenticated. The court overruled Langford's
objection and admitted all four exhibits. John Jackson, an assistant criminal district attorney for
Navarro County, explained the nature of the documents identified as Exhibits 8 through 11. He
identified Exhibit 9 as a copy of a judgment in cause number 35,531 and Exhibit 10 as a copy of
a judgment in cause number 35,530. During the course of his testimony regarding Langford's two
prior convictions, however, the prosecutor asked to approach the bench and informed the court
that he had mistakenly offered uncertified copies of the judgments in the two prior convictions. 
At that point Langford moved for a mistrial. The court took the matter under advisement pending
the remainder of Jackson's testimony. 
      Jackson testified that Langford pleaded guilty to two criminal charges on December 7, 1990. 
He based his knowledge of Langford's prior convictions "on the certified copies from the clerk's
office and . . . . the records of [his] office." According to Jackson, Langford pleaded guilty to
possession of marihuana and unlawfully carrying a weapon. The court concluded that Exhibits
9 and 11 were official government documents and that they had a high degree of reliability. As
a result, the court overruled Langford's objections and the motion for mistrial.
      James Robeson, an adult probation officer for Leon County, testified that he knew Langford
and identified him as the defendant. According to Robeson, he supervised Langford in cause
numbers 35,530 and 35,531 from Navarro County. Finally Robeson testified that the Langford
whom he supervised was the same Langford who was on trial in this case.
      On appeal, Langford argues that the admissibility of the judgments "depends on whether a
certified copy of a court judgment is introduced into evidence." Although a document may be
properly authenticated under either Rule 901 or Rule 902 of the Texas Rules of Criminal
Evidence, it need not be authenticated under both.


 Rule 902 is simply a convenient alternative
to authenticating a document through a sponsoring witness. Rule 901(a) sets out the general rule
that the requirement of authenticity is satisfied by extrinsic evidence that the matter in question is
what its proponent claims, without limiting the type of extrinsic evidence that may be used.


 
Because Jackson testified that Exhibits 9 and 11 were the judgments that they claimed to be, we
cannot say that the court abused its discretion in admitting the exhibits into evidence and
overruling Langford's motion for mistrial.


 Accordingly, we overrule point of error three.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 10, 1993
Do not publish